**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000877
14-AUG-2015
08:09 AM**

NO. CAAP-14-0000877

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RONDA LEE RAMOS ELSENBACH, Plaintiff-Appellant, v.
PETER JOSEPH ELSENBACH, RONALD BEVERLY,
and JOHN DOES 1-25, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-199K)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Plaintiff-Appellant pro se Ronda Lee Ramos Elsenbach
(**Ramos**) appeals the following from Circuit Court of the Third
Circuit[1] (**circuit court**):

(1) "Order On Defendant Peter Joseph Elsenbach's Motion
To Dismiss Complaint With Prejudice, Filed Herein On November 1,
2013," entered December 31, 2013;

(2) "Order On Plaintiff Ronda Lee Ramos Elsenbach's
Motion For Substitution Of Parties And Request For Substitution
Of Counsel, Both Filed Herein On December 23, 2013" (**Order for
Substitution**), entered on March 21, 2014;

(3) "Final Judgment Of Dismissal Of Civil Complaint For
Damages With Prejudice" (**Final Judgment**), entered March 21, 2014;
and

(4) "Order Denying Plaintiff's Non-Hearing Motion To

---

[1] The Honorable Ronald Ibarra presided.

Alter Or Amend And/Or Reconsider Final Judgment Of Dismissal Of Civil Complaint For Damages With Prejudice, And Order On Plaintiff Ronda Lee Ramos Elsenbach's Motion For Substitution Of Parties, Both Entered And Filed On March 21, 2014, Which Was Filed Herein On March 31, 2014," entered May 9, 2014.

On appeal, Ramos contends the circuit court erred in (1) denying Ramos' motion for substitution of parties under Hawai'i Rules of Civil Procedure (**HRCP**) Rules 25(a) or (c); (2) dismissing her complaint with prejudice for her alleged failure to take appropriate steps to substitute Defendant-Appellee, Peter Joseph Elsenbach (**Elsenbach**), deceased, with another party, pursuant to HRCP Rules 4 and 25(a)(1); and (3) issuing a final order and judgment dismissing the case as to all parties.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Ramos' appeal is without merit.

I.   HRCP Rule 25(a)(1)

The circuit court denied Ramos' Motion for Substitution of Parties because she failed to follow the appropriate procedures for substituting a party, under HRCP Rules 4 and 25(a)(1).  Ramos contends that "this basis for dismissal is not correct and in error since service on [Thomas Yeh (**Yeh**), counsel for Elsenbach] would be appropriate under HRCP Rule 5 when serving a 'proper party' pursuant to HRCP Rule 25(a)(1)."  We disagree.

Rule 25(a)(1) states:

> **Rule 25.  SUBSTITUTION OF PARTIES.**
>
> **(a) Death.**
>
> (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, <u>shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons,</u> and may be served in any judicial district. Unless the motion for substitution is

> made not later than 120 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

(Emphasis added.)

Contrary to Ramos' argument, Christopher Elsenbach (**Christopher**) did not automatically become a party to Ramos' lawsuit when he became a personal representative (**PR**) to Elsenbach's estate. At the time Ramos filed her Motion for Substitution of Parties, Elsenbach was the only other party in her lawsuit. Therefore, although Ramos' Motion for Substitution of Parties was an attempt to input Christopher as a party, he was not yet a party at the time she filed her motion. HRCP Rule 25(a)(1) instructs that those persons who are not yet a party to the lawsuit shall be served pursuant to HRCP Rule 4.

HRCP Rule 4 requires personal service upon the individual. HRCP Rule 4(d)(1) provides, in pertinent part, that service of the summons and complaint shall be made

> (1) Upon an individual other than an infant or an incompetent person, (A) by delivering a copy of the summons and of the complaint to the individual personally or in case the individual cannot be found by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or (B) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Ramos' Certificate of Service indicates that she served only Elsenbach, through his attorney, Yeh, but did not attempt to serve Christopher or any agent of Christopher. Ramos failed to satisfy the procedure set forth under HRCP Rule 25(a)(1) and Rule 4. Therefore, the circuit court did not err in denying Ramos' Motion for Substitution of Parties.

II. HRCP Rule 25(c)

Ramos also argues that the circuit court should have granted Ramos' Motion for Substitution of Parties, pursuant to HRCP Rule 25(c). Ramos contends that "a transfer of all assets held by [Elsenbach] was made to the PR and then the Trust and there is a large debt involved that is owed to [Ramos], which

3

brings HRCP Rule 25(c) into the picture since there was a Transfer of Interest with the PR."

HRCP Rule 25(c) provides a process for substitution of parties when a transfer of interest occurs, but still requires personal service to a non-party. HRCP Rule 25(c) provides

> **(c) Transfer of Interest.** In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. <u>Service of the motion shall be made as provided in subdivision (a) of this rule.</u>

(Emphasis added.) Thus, substitution of a party pursuant to HRCP Rule 25(c) still requires service as provided in HRCP Rule 25(a). As noted supra, HRCP Rule 25(a) and Rule 4 required that Ramos provide Christopher with personal service of the Motion for Substitution of Parties and notice of hearing. Thus, even assuming *arguendo*, when HRCP Rule 25(c) is applied to the facts of Ramos' case, her motion must fail because Christopher was not properly served under HRCP Rule 4.

III. Dismissing Complaint as to Elsenbach

Ramos contends the circuit court erred in dismissing Elsenbach as a party to her Complaint. HRCP Rule 25(a)(1) provides that "[u]nless the Motion for Substitution of Parties is made not later than 120 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." The 120-day time period is subject to extension under HRCP Rule 6(b),[2] at the discretion

---

[2]     [HRCP] Rule 6. Times

. . . .

> **(b) Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act
> (continued...)

of the circuit court.

On April 22, 2013, Yeh filed, with the circuit court, a "Suggestion of Death Upon the Record [HRCP Rule 25]" (**Suggestion of Death**), evidencing Elsenbach's death of natural causes. Attached to the Suggestion of Death was a Certificate of Service showing the document was served that same day by mail to Ramos' counsel of record at that time. After the Suggestion of Death was returned to Yeh as "undeliverable as addressed unable to forward," he served the Suggestion of Death on the Chief Court Administrator/Chief Clerk of the circuit court on May 2, 2013, pursuant to HRCP Rule 5(b)(1)(c). Thus, the 120-day time period for Ramos to substitute parties began to run on May 2, 2013. See HRCP Rule 25(a)(1).

The circuit court extended the deadline for Ramos to file her Motion for Substitution of Parties, but noted that "[t]he case will stand dismissed with prejudice against [Elsenbach] . . . unless [Ramos] takes the appropriate steps to seek . . . substitution of [Elsenbach], deceased, as a party, on or by December 23, 2013." As noted supra, Ramos filed a Motion for Substitution of Parties to substitute Christopher for Elsenbach, but failed to properly serve the motion upon Christopher, as required under HRCP Rules 4 and 25(a)(1).

Because Ramos failed to move for substitution of parties within 120-days after Elsenbach served the Suggestion of Death and failed to "take the appropriate steps" to seek substitution by the circuit court's December 23, 2013 extended deadline, the circuit court did not err in dismissing Ramos' Complaint as to Elsenbach.

IV. Dismissing Complaint as to all parties

Ramos argues that the circuit court erred when it

---

[2](...continued)
      was the result of excusable neglect; but it may not extend
      the time for taking any action under Rules 50(b) 52(b),
      59(b), (d) and (e) and 60(b) of these rules and Rule 4(a) of
      the Hawaiʻi Rules of Appellate Procedure, except to the
      extent and under the conditions stated in them.

dismissed her Complaint as to all parties and not just Elsenbach alone. We disagree.

The circuit court's Order for Substitution ordered that "this action and all claims contained in [Ramos'] Complaint, filed May 26, 2009, shall be and the same is dismissed with prejudice." The Final Judgment, finding that no party defendants remained in the lawsuit, entered judgment in favor of Elsenbach and dismissed Ramos' Complaint with prejudice.

Ramos' Complaint named three party defendants in her lawsuit: Elsenbach, Ronald Beverly (**Beverly**), and "John Does 1-25" (**unknown defendants**). By the time the circuit court dismissed Ramos' Complaint, Ramos could not rely on Elsenbach as a party defendant because, as noted supra, the circuit court properly dismissed Elsenbach as a party to Ramos' Complaint. Next, Ramos could not rely on Beverly as a party defendant because on April 25, 2011, the circuit court dismissed Beverly as a party to Ramos' Complaint. Finally, Ramos could not rely on her unknown defendants as party defendants to her Complaint because, in the five years since Ramos filed her Complaint, she at no time attempted to name or identify the unknown defendants, as required under HRCP Rule 17(d)(3).[3]

---

[3]     [HRCP] Rule 17.    Parties Plaintiff and Defendant; Capacity.

.   .   .   .

**(d) Unidentified Defendant**

(1) When it shall be necessary or proper to make a person a party defendant and the party desiring the inclusion of the person as a party defendant has been unable to ascertain the identity of a defendant, the party desiring the inclusion of the person as a party defendant shall in accordance with the criteria of Rule 11 of these rules set forth in a pleading the person's interest in the action, so much of the identity as is known (and if unknown, a fictitious name shall be used), and shall set forth with specificity all actions already undertaken in a diligent and good-faith effort to ascertain the person's full name and identity.

.   .   .   .

(3) Any party may, by motion for certification, make the name or identity of the party defendant known to the
(continued...)

Given that at the time the circuit court dismissed Ramos' Complaint with prejudice there were no party defendants left in her lawsuit, the court's dismissal was proper. See HRCP Rule 58.[4]

Therefore,

IT IS HEREBY ORDERED that the following entered in the Circuit Court of the Third Circuit are affirmed:

(1) "Order On Defendant Peter Joseph Elsenbach's Motion To Dismiss Complaint With Prejudice, Filed Herein On November 1, 2013," entered December 31, 2013;

(2) "Order On Plaintiff Ronda Lee Ramos Elsenbach's Motion For Substitution Of Parties And Request For Substitution Of Counsel, Both Filed Herein On December 23, 2013," entered on March 21, 2014;

(3) "Final Judgment Of Dismissal Of Civil Complaint For Damages With Prejudice," entered March 21, 2014; and

(4) "Order Denying Plaintiff's Non-Hearing Motion To Alter Or Amend And/Or Reconsider Final Judgment Of Dismissal Of Civil Complaint For Damages With Prejudice, And Order On

---

[3](...continued)
court within a reasonable time after the moving party knew or should have known the name or identity of the party defendant. The motion shall be supported by affidavit setting forth all facts substantiating the movant's claim that the naming or identification has been made in good faith and with due diligence. When the naming or identification is made by a plaintiff, it shall be made prior to the filing of the pretrial statement by that plaintiff, or within such additional time as the court may allow. The court shall freely grant reasonable extensions of the time in which to name or identify the party defendant to any party exercising due diligence in attempting to ascertain the party defendant's name or identity.

[4]     [HRCP] **Rule 58.   Entry of Judgment**

Unless the court otherwise directs and subject to the provisions of Rule 54 of these rules and Rule 23 of the Rules of the Circuit Courts, the prevailing party shall prepare and submit a proposed judgment. The filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs. Every judgment shall be set forth on a separate document.

Plaintiff Ronda Lee Ramos Elsenbach's Motion For Substitution Of Parties, Both Entered And Filed On March 21, 2014, Which Was Filed Herein On March 31, 2014," entered May 9, 2014.

DATED: Honolulu, Hawai'i, August 14, 2015.

On the briefs:

Ronda Lee Ramos Elsenbach
Plaintiff-Appellant pro se.

Thomas L.H. Yeh
Michael W. Moore
Jill D. Raznov
for Defendant-Appellee Peter
Joseph Elsenbach
and
Specially Appearing on Behalf
of Christopher Elsenbach,
Personal Representative of the
Estate of Peter Joseph
Elsenbach.

Richard L. Rost
Specially Appearing on Behalf
of Christopher Elsenbach,
Personal Representative of the
Estate of Peter Joseph
Elsenbach.

Presiding Judge

Associate Judge

Associate Judge

8